**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

BERKLEY ASSURANCE COMPANY,

       Plaintiff,

    v.

NOVA-KEM, LLC and PRO CHEM, INC.
INTERNATIONAL

       Defendants.

Case No. 13-cv-4895

JURY TRIAL DEMANDED

## COMPLAINT FOR DECLARATORY JUDGMENT AND JURY DEMAND

Now Comes Plaintiff, Berkley Assurance Company, and for its Complaint for

Declaratory Judgment against Defendants, Nova-Kem, LLC and Pro Chem, Inc. International,

states as follows:

### PARTIES

1.    Plaintiff, Berkley Assurance Company ("Berkley"), is a corporation organized

under the laws of the State of Iowa, with its principal place of business Glen Allen, Virginia.

2.    Defendant, Nova-Kem, LLC ("Nova-Kem"), is a limited liability company

organized under the laws of the State of Illinois, with its principal place of business in Seward,

Illinois.

3.    Defendant, Pro Chem, Inc. International ("Pro Chem") is a corporation organized

under the laws of the State of Illinois, with its principal place of business in Rockford, Illinois.

### JURISDICTION AND VENUE

4.    This is an action for declaratory judgment pursuant to the Declaratory Judgment

Act, 28 U.S.C. § 2201(a), for the purpose of determining a question of actual controversy

between the parties.

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a)(1) and (a)(2) because a substantial part of the events giving rise to this action occurred in the Northern District of Illinois.

7.      This matter is ripe for adjudication because there is an actual and justiciable controversy between the parties.

## FACTUAL BACKGROUND

### *The Berkley Policy*

8.      Berkley issued commercial general liability policy no. VUMA0017640 to Pro Chem and Nova-Kem, effective August 17, 2012 to August 17, 2013 ("Berkley Policy").  A true and accurate copy of the Berkley Policy is attached as Exhibit A.

### *The Underlying Explosion and Fire*

9.      At all times relevant, Nova-Kem owned, rented or occupied a facility located at 16161 Sixth Street, Seward, Illinois where it manufactures chemicals for the technology industry ("Facility").

10.     On June 2, 2013, Nova-Kem employees were working to neutralize a chemical leak at the Facility when an explosion occurred.

11.     The explosion ignited a fire that continued to burn at the Facility for several hours and prompted an evacuation of the surrounding area.

12.     Shortly thereafter, the Illinois Environmental Protection Agency ("IEPA") and other governmental authorities began investigating the incident.

2

### *The IEPA Action*

13.     On June 11, 2013, the State of Illinois, on its own motion and at the request of the IEPA, filed a Verified Complaint for Injunction and Civil Penalties against Nova-Kem in the Circuit Court of Winnebago County, Illinois.  A copy of the Verified Complaint is attached as Exhibit B.

14.     The complaint alleged that the June 2, 2013 explosion and fire caused damage to the buildings and equipment at the Facility.  *See* Ver. Compl., Count I, ¶ 13.

15.     The explosion and fire also allegedly caused: (a) the release of chlorine onto the ground and into the environment; (b) the emission of smoke that may have contained particulate matter, chemical burn products or other chemicals; and (c) the release of hydrogen chloride into the environment.  *Id.* ¶¶ 16-18, 23.

16.     The complaint alleges that chemicals released into the air and onto the land during the explosion and fire may continue to pose an explosion or fire hazard.  *Id.* ¶ 33.

17.     The complaint alleges that the damage to the Facility's buildings and equipment has exposed some chemicals to the elements and created a danger of future explosive and flammable chemical reactions.  *Id.* ¶ 34.

18.     The complaint alleges that these conditions pose a threat to the environment and to public health and welfare.  *Id.* ¶ 35.

19.     Count I (Substantial Danger To The Environment, Public Health, And Welfare) seeks immediate and preliminary injunctive relief against Nova-Kem that would generally require Nova-Kem to undertake certain investigative, testing, remediation and clean-up efforts both at the Facility and off-site.  *Id.* at 6-10.

20.     Count I also seeks assessment of civil penalties against Nova-Kem and recovery of the State's fees spent on attorneys, expert witnesses and consultants.  *Id.* at 9-10.

21.     Count II (Air Pollution) alleges that the explosion and fire caused the release of contaminants into the atmosphere that has "caused, threatened, or allowed air pollution in Illinois," in violation of 415 ILCS 5/9(a) and 35 Ill. Adm. Code 201.141.  *Id.*, Count II, ¶¶ 42-45.

22.     Count II seeks preliminary and permanent injunctive relief enjoining Nova-Kem from any further violations of 415 ILCS 5/9(a) and 35 Ill. Adm. Code 201.141 and ordering Nova-Kem to undertake action that will result in a final and permanent abatement of the violations of 415 ILCS 5/9(a) and 35 Ill. Adm. Code 201.141.  *Id.* at 12-13.

23.     Count II also seeks assessment of civil penalties against Nova-Kem and recovery of the State's fees spent on attorneys, expert witnesses and consultants.  *Id.* at 13.

24.     Count III (Causing Or Allowing A Water Pollution Hazard) alleges that during the explosion and fire chemicals were released at or around the Facility that "can be carried by stormwater and can impact the surface water and ground water at and around the Facility and enter the municipal sewer system."  *Id.*, Count III, ¶ 38.

25.     Count III further alleges that "[t]he contaminants that may be contained in stormwater runoff from the Facility could cause an alteration of the properties of the water in a manner that does or is likely to create a nuisance or render the water harmful to human or animal life or health."  *Id.* ¶ 44.

26.     Count III further alleges the fire and explosion resulted in the deposition of "contaminants in a place and manner that create a water pollution hazard."  *Id.* ¶ 45.

27.     Count III alleges that Nova-Kem has violated 415 ILCS 5/12(d)(1) (2012), which provides that "[n]o person shall … [d]eposit any contaminants upon the land in such place and manner as to create a water pollution hazard." *Id.* ¶¶ 39, 46.

28.     Count III seeks preliminary and permanent injunctive relief enjoining Nova-Kem from future violations of 415 ILCS 5/12(d)(1) and ordering Nova-Kem to take immediate corrective actions that will result in a final and permanent abatement of the violations of 415 ILCS 5/12(d)(1). *Id.* at 16.

29.     Count III also seeks assessment of civil penalties against Nova-Kem and recovery of the State's fees spent on attorneys, expert witnesses and consultants. *Id.* at 16.

30.     On June 12, 2013, the court overseeing the IEPA Action entered an Agreed Interim Immediate Injunction Order (the "June 12 Order"). A copy of the June 12 Order is attached as Exhibit C.

31.     On July 3, 2013, the court overseeing the IEPA Action entered an Agreed Preliminary Injunction Order (the "July 3 Order"). A copy of the July 3 Order is attached as Exhibit D.

32.     Nova-Kem tendered defense and indemnity in the IEPA Action and "related claims" to Berkley under the Berkley Policy. The "related claims" refer to the fact that, according to Nova-Kem, the IEPA "has collected . . . information from other persons and entities that are or might be asserting a claim." Nova-Kem provided an email to Berkley that it received from the IEPA that summarizes six such "related claims." None of the "related claims" has resulted in the filing of any complaint against Nova-Kem. Berkley has declined Nova-Kem's tender because the Berkley Policy does not afford coverage for these matters.

5

33.     Pro Chem has not tendered any claims to Berkley arising out of the explosion and fire, nor is Berkley aware of any claims that have been made against Pro Chem or loss it has suffered as a result of this event.  However, Berkley has named Pro Chem as a defendant because it is a named insured under the Berkley Policy and may have an interest in the outcome of this action.

## COUNT I – DECLARATORY JUDGMENT

### *No "Suit" Seeking Damages for "Bodily Injury" and "Property Damage"*

34.     Berkley restates and reincorporates paragraphs 1 through 33 as if fully set forth herein.

35.     The Berkley Policy's Insuring Agreement provides as follows:

**1.      Insuring Agreement**

   **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

36.     The Berkley Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

37.     The Berkley Policy defines "property damage" as:

   **a.**     Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   **b.**     Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

38.     The IEPA Action seeks only injunctive relief requiring Nova-Kem to investigate, remediate and address the actual or threatened release of "pollutants," as well as the assessment

6

of civil penalties for Nova-Kem's alleged violations of Illinois law and recovery of the IEPA's fees for attorneys, expert witnesses and consultants.

39.     The IEPA Action and the "related claims" do not seek damages for "bodily injury" or "property damage," as those terms are defined by the Berkley Policy.

40.     Any costs that Nova-Kem has or will incur pursuant to the June 12 and July 3 orders are not damages for "bodily injury" or "property damage," as those terms are defined by the Berkley Policy.

41.     Berkley also has no obligation to defend Nova-Kem against any claims that are not in litigation, such as the "related claims," because those claims do not qualify as "suits" under the Berkley Policy.

42.     Consequently, Berkley has no duty to defend or indemnify Nova-Kem in the IEPA Action or to defend Nova-Kem against the "related claims."

<u>**COUNT II – DECLARATORY JUDGMENT**</u>

*Subsection f.(2) of the Total Pollution Exclusion*

43.     Berkley restates and reincorporates paragraphs 1 through 33 as if fully set forth herein.

44.     The Berkley Policy includes a "Total Pollution Exclusion With A Hostile Fire Exception" endorsement which provides, in relevant part, as follows:

This insurance does not apply to:

**f.     Pollution**

\*\*\*

**(2)**     Any loss, cost or expense arising out of any:

　　**(a)**     Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain,

7

treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**(b)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants."

45. The Berkley Policy defines "pollutant" as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste."

46. All counts of the IEPA Action seek an order requiring Nova-Kem to test for, monitor, clean up, remove, contain, treat, detoxify, neutralize or otherwise respond to chemicals and other matters that qualify as "pollutants" under the Berkley Policy. In addition, all of the tasks that Nova-Kem is required to perform pursuant to the June 12 and July 3 Orders require Nova-Kem to test for, monitor, clean up, remove, contain, treat, detoxify, neutralize or otherwise respond to chemicals and other matters that qualify as "pollutants" under the Berkley Policy. The "related claims" essentially seek similar relief.

47. Furthermore, the IEPA Action qualifies as a claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying responding to, or assessing the effects of chemicals and other matters that qualify as "pollutants" under the Berkley Policy.

48. As a result, the Total Pollution Exclusion applies and excludes coverage for all claims against Nova-Kem in the IEPA Action.

49. The Total Pollution also applies and excludes coverage for all costs and expenses incurred by Nova-Kem responding to any other claim or demand that it investigate, remediate or otherwise respond to "pollutants."

50. Berkley therefore has no obligation under the Berkley Policy to defend or indemnify Nova-Kem in the IEPA Action or against any other claim or demand that it investigate, remediate or otherwise respond to "pollutants," including the "related claims" to the extent they assert such claims.

## COUNT III – DECLARATORY JUDGMENT

### *Subsection f.(1) of the Total Pollution Exclusion*

51. Berkley restates and reincorporates paragraphs 1 through 33 as if fully set forth herein.

52. The Berkley Policy includes a "Total Pollution Exclusion With A Hostile Fire Exception" Endorsement which provides, in relevant part, as follows:

This insurance does not apply to:

**f.** **Pollution**

**(1)** "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

This exclusion does not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire" unless that "hostile fire" occurred or originated:

\*       \*       \*

**(b)** At any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations to test for, monitor, clean up, remove, contain, treat, detoxify, neutralize or in any way respond to, or assess the effects of, "pollutants."

53. The Berkley Policy defines "pollutant" as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste."

54.     The explosion and fire at the Facility resulted in the discharge or emission of certain chemicals and smoke, all of which would qualify as "pollutants," into the environment.

55.     To the extent the explosion and fire lead to claims against Nova-Kem seeking damages for "bodily injury" or "property damage," such injury or damage is excluded from coverage by the Total Pollution Exclusion because it would not have resulted but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants."

56.     For the same reasons, to the extent the IEPA Action or any other action seeks damages for "bodily injury" or "property damage," such injury or damage is excluded from coverage by the Total Pollution Exclusion.

57.     The "hostile fire" exception does not apply, because at the time the explosion occurred and the fire started, Nova-Kem employees were responding to a leak of a "pollutant" at the Facility.

58.     In addition, the  "hostile fire" exception does not apply because the relief sought in the IEPA Action, as well as the tasks that Nova-Kem is required to perform pursuant to the June 12 and July 3 Orders, arise out of the requirement that Nova-Kem test for, monitor, clean up, remove, contain, treat, detoxify, neutralize or otherwise respond to chemicals and other matters that qualify as "pollutants" under the Berkley Policy and arise from heat, smoke or fumes from a "hostile fire."

59.     Berkley therefore has no obligation to defend or indemnify Nova-Kem against any claim for "bodily injury" or "property damage" arising out of the explosion and fire at the Facility, including the IEPA Action or the "related claims" to the extent they assert such claims.

## COUNT IV – DECLARATORY JUDGMENT

### *Owned Property Exclusion*

20585815v1

60.     Berkley restates and reincorporates paragraphs 1 through 33 as if fully set forth herein.

61.     The Berkley Policy has an Owned Property Exclusion that excludes coverage for the following:

**j.     Damage To Property**

"Property damage" to:

**(1)**     Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

62.     The IEPA Complaint alleges that the explosion and fire caused damage to the buildings and equipment at the Facility.  In addition, many of the tasks called for by the June 12 and July 3 Orders involved work related to the buildings, equipment and other property at the Facility.

63.     The Facility, and all of the buildings, equipment and other property located thereon, were owned, rented and/or occupied by Nova-Kem at the time of the explosion and fire.

64.     Consequently, the Owned Property Exclusion applies, and Berkley has no duty to indemnify Nova-Kem for "property damage" at the Facility, including any costs or expenses incurred for repair, replacement, enhancement, restoration or maintenance of such property, including prevention of injury to a person or damage to another's property.

## COUNT V – DECLARATORY JUDGMENT

### *Absorption Inhalation Exclusion*

65.     Berkley restates and reincorporates paragraphs 1 through 33 as if fully set forth herein.

20585815v1

66. The Berkley Policy has an "Absorption Inhalation Exclusion" endorsement that excludes coverage for bodily injury, property damage or advertising injury "arising in whole or in part, directly or indirectly out of any form of inhalation or absorption."

67. To the extent any claim is made against Nova-Kem for bodily injury or property damages arising out of inhalation or absorption, the Berkley Policy excludes coverage for such claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Berkley Assurance Company, respectfully requests that this Court enter a declaratory judgment that:

A. Berkley has no duty to defend or indemnify Nova-Kem in the IEPA Action;

B. Berkley has no duty to defend or indemnify Nova-Kem against any other claim or demand that it investigate, remediate or otherwise respond to "pollutants," including but not limited to the "related claims;"

C. Berkley has no duty to defend Nova-Kem against any claims related to the explosion and fire that are not in litigation, including but not limited to the "related claims;" and

D. The Berkley Policy does not cover any "property damage" at the Site.

## JURY DEMAND

Plaintiff, Berkley Assurance Company, hereby demands a trial by jury as to all claims asserted herein as allowed by law.

20585815v1

Respectfully submitted,

BERKLEY ASSURANCE COMPANY


By:  /s/ James J. Sanders
       One Of Its Attorneys

Rebecca L. Ross
David F. Cutter
James J. Sanders
TROUTMAN SANDERS LLP
55 West Monroe Street
Suite 3000
Chicago, IL  60603-5757
312.759.1920

Dated: July 9, 2013